FILED
APR 22 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**AFFIDAVIT IN SUPPORT OF ARREST WARRANT AND COMPLAINT**

I, Special Agent Edward F. Winkelspecht, III, Special Agent with the Bureau of Alcohol, Tobacco, and Firearms (ATF), United States Department of Justice, having been duly sworn, depose and state that:

**I. INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have served in that capacity since January 4, 2009. I am currently assigned to the Norfolk, Virginia field office and am charged with investigating violations of federal firearms, explosives, and arson laws. I am a graduate of both the Criminal Investigator Training Program and the ATF National Academy. At the ATF National Academy, I received special training in alcohol, tobacco, firearms, arson, explosives, and narcotics related crimes.

2. Prior to becoming a Special Agent with the ATF, I was a Chesapeake, Virginia police officer from 1998 until 2008. As a law enforcement officer, I have investigated numerous crimes involving firearms and narcotics. These investigations required me to apply for search and arrest warrants in both federal and state courts. From April of 2008 to December of 2008, I was assigned to the Drug Enforcement Administration (DEA) as a Task Force Officer and, in that capacity, I also investigated numerous drug and firearm violations.

3. As a federal agent, I am authorized to investigate violations of federal law and to execute warrants issued under the authority of the United States.

4. The statements in this affidavit are based in part on my investigation of this matter and information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each fact known to me concerning this investigation.

5. I make this affidavit in support of an application for an arrest warrant for DONTE RODRICK MONDY for the following offenses: possession of a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one (1) year, in violation of Title 18, United States Code, Section 922(g)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c); and possession with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## II. SUMMARY OF PROBABLE CAUSE

6. In July 2023, members of a Chesapeake Police Department (CPD) investigative team received information from a confidential human source (CHS-1) regarding a narcotics distributor known to CHS-1 as "Tae." CHS-1 advised that "Tae" is known to distribute narcotics, namely cocaine base and heroin, throughout the Hampton Roads area.

7. CHS-1 provided the investigative team a phone number that he/she routinely uses to contact "Tae" to purchase narcotics. The phone number was run through law enforcement databases and came back to DONTE MONDY. Utilizing other law enforcement databases, DONTE MONDY was more accurately identified as DONTE RODRICK MONDY (MONDY). CHS-1 was shown a DMV picture of MONDY, and he/she confirmed that MONDY is the individual known to him/her as "Tae."

8. The CPD investigators utilized CHS-1 to conduct numerous controlled purchases of narcotics from MONDY over the next month. During the first controlled purchase, MONDY was observed with a firearm that he had in a small shoulder bag satchel. MONDY carried the same satchel during numerous other controlled purchases.

9. In July of 2023, CHS-1 conducted several controlled purchases for CPD. CHS-1 purchased a combined total of 2.9 grams of fentanyl and xylazine for $290.00, 6.1 grams of fentanyl for $260.00, 4.49 grams of fentanyl and xylazine for $300.00, and 8.07 grams of para-fluorofentanyl, cocaine, and xylazine for $600.00 from MONDY.

10. After conducting the aforementioned controlled purchases, CPD conducted surveillance on MONDY's movements and obtained a search warrant to track MONDY's cellular device. Based off information gleaned through their personal surveillance, and the tracking of MONDY's cellular device, CPD investigators obtained several search warrants for numerous locations associated with MONDY, and for MONDY's person.

11. On August 29, 2023, members of CPD, ATF, and the Norfolk Police Department (NPD), executed the previously obtained search warrants. MONDY was observed leaving a residence in Norfolk, Virginia, which was the location for one of the search warrants, and he was detained as he walked toward the parking lot. As he was taken into custody, MONDY threw his cellular phone away from his person, but the investigators were able to recover it. MONDY was asked if he had any firearms on his person for officer safety reasons and, in response, MONDY stated, "Yes."

12. After detaining MONDY, investigators searched his person and the satchel that was in his possession pursuant to the applicable search warrant. Investigators found on MONDY's person and in the satchel a 9mm Taurus pistol, Model: PT809, SN: THO12479 with a loaded magazine; a cellular device (flip phone), one (1) baggie containing 81 capsules (weighing 12.37 grams) containing para-fluorofentanyl, cocaine, fentanyl, and xylazine; one (1) knotted bag containing 104 round blue tablets "M30" containing fentanyl; seven (7) knotted bags containing .96 grams of cocaine; one (1) knotted bag containing 3.33 grams of para-fluorofentanyl, cocaine,

and xylazine; six (6) knotted bags containing 163.12 (5.75 ounces) grams of marijuana; and a small amount of U.S. Currency.

13. The investigators executed the applicable search warrant at MONDY's Norfolk residence. Inside the living room they found several items that are indicative and consistent with drug distribution, namely: a clear bag of empty, unused gelatin capsules consistent with the distribution of heroin/fentanyl; a plastic bag on the sofa containing multiple opened boxes of sandwich bags; an orange pill bottle containing a knotted bag containing 1.3 grams of methamphetamine; a sifter with residue; and a working digital scale. Inside the master bedroom, the following items were located: a Ruger 57 pistol SN#: 643-04814; a small unused jewelry bag; and documentation dated July 19, 2023 confirming MONDY's civil rights had been restored. In the master bedroom closet, they recovered a loaded magazine from a safe and six (6) bags of marijuana.

14. Chesapeake Police Detective A. Gosnell and I conducted a recorded interview with MONDY regarding the items recovered from his person, the satchel, and the residence during the execution of the search warrants. Prior to the interview, MONDY was read his *Miranda* Rights and he agreed to speak with us. We asked MONDY about the firearm he had on his person, and he told us that M.M. left the firearm at his residence approximately one to two months prior. We asked MONDY about selling narcotics and he told us that he sold "cut" (a slang term for adulterants, which are added to the narcotics to dilute them to increase profit). MONDY further admitted that he had heroin, cocaine base, and pills in his possession.

15. I confirmed that the above listed firearms described in this affidavit are "firearms" as defined by federal law, and that none of the firearms were manufactured in the Commonwealth

of Virginia. Therefore, all the firearms would have been shipped or transported in interstate or international commerce prior to their recovery in the Commonwealth of Virginia.

16. Prior to August 29, 2023, MONDY was a multi-convicted felon and, though his civil rights had been restored, his right to possess a firearm had not been restored. Therefore, he was prohibited from possessing firearms during all applicable time frames referenced in this affidavit.

### III. CONCLUSION

17. Based on the aforementioned facts, I believe there is probable cause that on August 29, 2023, in the city of Norfolk, Virginia, in the Eastern District of Virginia, DONTE RODRICK MONDY was in possession of a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one (1) year, in violation of Title 18, United States Code, Section 922(g)(1); he was in possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c); and did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

Further your affiant sayeth naught.

_____
Edward F. Winkelspecht, III
Special Agent, ATF

READ AND REVIEWED:
_____
Marc W. West
Special Assistant United States Attorney

SWORN TO AND SUBSCRIBED IN MY PRESENCE

This 22nd day of April 2024.

_____
UNITED STATES MAGISTRATE JUDGE

At Norfolk, Virginia.